UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN THE MATTER OF:  8:05-cv-439-T-27MSS

THE COMPLAINT OF MARVIN HONEYCUTT
AND JEAN HONEYCUTT, AS OWNERS OF THE
VESSEL "SHANTI III", ITS ENGINES, TACKLE,
APPURTENANCES, ETC., IN A CAUSE OF
EXONERATION FROM OR LIMITATION
OF LIABILITY.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiffs' Motion for Summary Judgment (Dkt. 13), Claimants' Motion to Strike Plaintiffs' Expert Affidavit (Dkt. 18), and Plaintiffs' Motion to Strike Claimants' Evidence in Response to Plaintiffs' Motion for Summary Judgment (Dkt. 20). Upon consideration and for the reasons discussed below, Claimants' Motion to Strike Plaintiffs' Expert Affidavit (Dkt. 18) is **GRANTED IN PART AS STIPULATED**, Plaintiffs' Motion to Strike Claimants' Evidence in Response to Plaintiffs' Motion for Summary Judgment (Dkt. 20) is **GRANTED IN PART AND DENIED IN PART** and Plaintiffs' Motion for Summary Judgment (Dkt. 13) is **DENIED**.

Background

On September 16, 2004, Hurricane Ivan dislodged Marvin and Jean Honeycutt's ("Plaintiffs") sailing vessel, the *SHANTI III*, from her mooring. The *SHANTI III* grounded on Casey and Staci Murray's ("Claimants") property. Plaintiffs filed a complaint seeking exoneration from or limitation of liability for damages to Claimants' property pursuant to the Limitation of Vessel Owner's Liability Act, 46 U.S.C. app. §§ 181 *et seq.* and Rule F, Supplemental Rules for Certain Admiralty and Maritime Claims. On June 1, 2006, Plaintiffs moved for summary judgment asserting

that Claimants cannot prove that Plaintiffs were negligent in securing the vessel in preparation for Hurricane Ivan. (Dkt. 13). In support, Plaintiffs attached an affidavit from Plaintiffs' expert, Captain Michael Barrie ("Barrie"). On June 22, 2006, Claimants filed a response in opposition to Plaintiffs' Motion for Summary Judgment. (Dkt. 17). In support, Claimants attached an affidavit from Claimant, Casey Murray ("Murray"). On September 22, 2006, Magistrate Judge Scriven held a Pretrial Conference and discussed the pending motions with the parties. (*See* Dkt. 33).

<u>Claimants' Motion to Strike Plaintiffs' Expert Affidavit (Dkt. 18)</u>

Claimants argue that the Court should strike Barrie's affidavit, filed in support of Plaintiffs' Motion for Summary Judgment, because it addresses topics not addressed in the expert's disclosed report, namely the adequacy of Plaintiffs' hurricane preparations. Plaintiffs respond that the omission of the new information from Barrie's original report is harmless.

At the September 22, 2006, Pretrial Conference, however, the parties stipulated that the Court could consider the edition of *Chapmans' Piloting, Seamanship, and Small Boat Handling* ("*Chapmans'*") in effect at the time of the Hurricane when evaluating Plaintiffs' hurricane preparations. Accordingly, the parties also stipulated that Barrie's testimony with respect to Plaintiffs' hurricane preparations is unnecessary.

Accordingly, Claimants' Motion to Strike (Dkt. 18) is **GRANTED IN PART AS STIPULATED**. The portions of Barrie's affidavit addressing the reasonableness of Plaintiffs' preparations in securing the *SHANTI III* prior to Hurricane Ivan, paragraphs 3-5, are hereby Stricken and will not be considered by the Court in resolving Plaintiffs' Summary Judgment Motion.

## Plaintiffs' Motion to Strike Claimants' Evidence in Response to Plaintiffs' Motion for Summary Judgment (Dkt. 20)

Plaintiffs argue that the Court should strike Murray's affidavit, attached to Claimants' Response in Opposition to Plaintiffs' Motion for Summary Judgment, including all exhibits attached thereto. Plaintiffs assert that Claimants have failed, to date, to serve any disclosures on Plaintiffs despite the passing of such deadlines and several requests by Plaintiffs for such disclosures. Plaintiffs argue that the Court should, at the very least, exclude Murray's testimony with respect to any matters outside the scope of Plaintiffs' Rule 26(a)(1) disclosures, "the damage to the *S/V SHANTI III* and the damage to the property where the *S/V SHANTI III* was deposited by Hurricane Ivan." (Dkt. 20 at p. 7, Dkt. 23 at Ex. 1).

In Murray's affidavit, in addition to introductory paragraphs, he addresses (1) his general observations about Hurricane Ivan and the grounding of the *SHANTI III*, (2) the Saffir-Simpson Hurricane Scale and news reports regarding Hurricane Ivan wind speeds, (3) boat mooring standards set by Boat U.S. Marine Insurance, and (4) damages caused by the *SHANTI III*. Claimants admit that they never provided any Rule 26 disclosures to Plaintiffs and never listed Murray as a witness. Claimants assert that their failure to do so was harmless.

Under Rule 26, parties are required to make initial disclosures including, among other things, the names and addresses of individuals likely to have discoverable information and the subject of that information, a copy of documents that the party might use to support his claim or defenses and a computation of damages claimed. *See* Fed. R. Civ. P. 26(a)(1). Here, there is no dispute that Claimants failed to provide those disclosures to Plaintiffs despite repeated requests by Plaintiffs for such information.

3

Rule 37 provides, in part, that the failure to abide by Rule 26 without "substantial justification" will prevent a party from using such evidence on a motion unless the failure is harmless. Fed. R. Civ. P. 37(c)(1). The decision to exclude such evidence is discretionary. *Bearint ex rel. Bearint v. Dorel Juvenile Group, Inc.*, 389 F.3d 1339, 1348 (11th Cir. 2004). Accordingly, the issue for the Court to determine is whether Claimants were substantially justified in failing to disclose Casey Murray and his testimony or whether such omission was harmless. *See* Fed. R. Civ. P. 37(c)(1). Claimants do not argue that they were substantially justified, only that the error was harmless.

In the parties' Case Management Report, Plaintiffs indicated an intent to depose both Claimants and Claimants indicated an intent to depose both Plaintiffs. (Dkt. 20). While these depositions apparently never occurred, both parties believed that the other had knowledge relevant to the lawsuit at issue. Therefore, it cannot be said that Plaintiffs were surprised that Claimants would offer testimony from one of the Claimants, Murray, in support of Claimants' assertion that Plaintiffs were negligent in securing the *SHANTI III*.

Further, Plaintiffs' own Rule 26 disclosures include a letter from Claimants' Pensacola attorney indicating Claimants' position that Plaintiffs were negligent in securing the vessel with "only one anchor rope" and detailing damage estimates. (Dkt. 23 at Ex. 1, Dkt. 17 at Ex. A, ¶ 10). Accordingly, Plaintiffs are not surprised by these assertions and the Court finds Claimants' non-disclosure harmless. There is no harm in allowing Murray to testify with respect to these issues as well as the issues set forth by Plaintiffs in their Rule 26 disclosures and Murray's general observations about the hurricane.

Murray's affidavit will not therefore be excluded in its entirety. *See Barron v. Federal*

*Reserve Bank of America*, 129 Fed. Appx. 512, 2005 WL 901906, *5 (11th Cir. April 19, 2005)(unpublished). Murray's introductory statements, paragraphs 1-3, Murray's observations with respect to Hurricane Ivan and the grounding of the *SHANTI III*, paragraphs 4, 6-10, 13, Exhibit 2,[1] Murray's reference to the Saffir-Simpson Hurricane Scale, paragraph 5, and Murray's testimony regarding the damage done to his property, paragraph 14, will not be Stricken.

However, Claimants are now, for the first time in this litigation, attempting to prove Plaintiffs' negligence in securing the *SHANTI III* by citing, in Murray's affidavit, to Plaintiffs' insurance carrier's website. Murray's affidavit states, "Plaintiffs' own insurance company recommends the use of two lines to two anchors, or a mooring and an anchor, set 45 degrees apart to moor a vessel in a storm...." (Dkt. 17 at Ex. A, ¶ 11). Attached to Murray's affidavit is the insurance company's *A Guide to Preparing Boats and Marinas for Hurricanes* (the "*Guide*").[2] Claimants do not even attempt to offer an explanation as to why this document was never provided to Plaintiffs as part of Claimants' required Rule 26(a) disclosures. Plaintiffs were never put on notice that Claimants would rely on that information as the standard against which to measure Plaintiffs' preparations prior to Hurricane Ivan.[3] The failure to disclose cannot be said to be harmless. Further, the parties stipulated at the September 22, 2006, Pretrial Conference that the edition of *Chapmans'* in effect at the time of Hurricane Ivan is an appropriate treatise for the Court

---

[1] The Court notes that the photographs attached as Exhibit 2 to Murray's affidavit appear to be photographs included in Plaintiffs' Rule 26(a)(1) disclosures.

[2] In any event, this exhibit constitutes inadmissible hearsay. Contrary to Claimants' contention, Rule 803(17) is inapplicable.

[3] The Court notes that Plaintiffs admitted at the September 22, 2006, Pretrial Conference that they had not produced *Chapmans' Piloting, Seamanship, and Small Boat Handling* to Claimants prior to their filing of their Motion for Summary Judgment. Claimants had not previously brought this to the Court's attention.

to review in assessing Plaintiffs' alleged negligence. Accordingly, paragraphs 11 and 12 and Exhibit 3 of Murray's affidavit are Stricken.

Plaintiffs' Motion to Strike (Dkt. 20) is **GRANTED IN PART AND DENIED IN PART**, consistent with these findings.

<u>Plaintiffs' Motion for Summary Judgment (Dkt. 13)</u>

Plaintiffs argue that Claimants cannot, as a matter of law, establish that Plaintiffs acted negligently in securing the *SHANTI III* prior to the arrival of Hurricane Ivan. Plaintiffs contend, rather, that their efforts in securing the vessel were in accordance with reasonable and prudent seamanship practices and, therefore, Plaintiffs are entitled to summary judgment on their exoneration claim.

In determining whether a shipowner is entitled to limit his liability pursuant to the Limitation of Liability Act, 46 U.S.C. § 181 *et seq.*, the Court engages in a two-step analysis. *Hercules Carriers, Inc. v. Claimant State of Florida, D.O.T., et al.*, 768 F.2d 1558, 1563-64 (11th Cir. 1985). The Court first determines what acts of negligence or conditions of unseaworthiness caused the accident at issue. *Id.* Next, the Court determines whether the shipowner had knowledge of or was privy to those acts. *Id.* at 1564. The claimants asserting damages bear the initial burden of establishing either negligence or unseaworthiness. *Id.* at 1564. Here, however, Claimants assert the benefit of the "Louisiana Rule," which provides that a moving ship that strikes a stationary object is presumed to be at fault. *See Bunge Corp. v. Freeport Marine Repair, Inc.*, 240 F.3d 919, 923 (11th Cir. 2001)(applying the "Louisiana Rule" where a ship broke free from her moorings during Hurricane Opal and struck a conveyor facility)(*citing The Louisiana*, 70 (3 Wall.) U.S. 164, 173, 18 L.Ed. 85 (1865)). This presumption can be rebutted by showing, among other things, that the

6

"moving vessel acted with reasonable care." *Bunge Corp.,* 240 F.3d at 923.

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.,* 357 F.3d 1256, 1259-60 (11th Cir. 2004) (*internal citations omitted*). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260. All the evidence and factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 (1970); *Jackson v. BellSouth Telecomms.,* 372 F.3d 1250, 1280 (11th Cir. 2004).

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex,* 477 U.S. at 323-24. The Court will not weigh the evidence or make findings of fact. *Anderson,* 477 U.S. at 249; *Morrison v. Amway Corp.,* 323 F.3d 920, 924 (11th Cir. 2003). Rather, the Court's role is limited to deciding whether there is sufficient evidence upon which a reasonable juror could find for the non-moving party. *Id.*

The issue before the Court, therefore, is whether a genuine issue of material fact exists, taking into account the Court's rulings on the Motions to Strike, regarding whether Plaintiffs were negligent in securing the *SHANTI III* in preparation for Hurricane Ivan. In support of Plaintiffs' assertion that

they took all necessary and reasonable precautions in securing the vessel, Plaintiffs' submit evidence that they anchored the vessel with a tandem anchor configuration consisting of a rode attached to 30 feet of 5/16 inch galvanized chain, shackled to a 35 pound CQR anchor, shackled to an additional 12 feet of 5/16 inch galvanized chain, connected to a 21 pound Fortress anchor. (Dkt. 13 at Ex. A, ¶¶ 10-12). Plaintiffs compare their anchor specifications and other preparations with a recommendation chart in *Chapmans'* suggesting rode and anchor sizes for a storm anchor for winds up to 60 knots. (Dkt. 13 at p. 4, Ex. D). Claimants correctly point out, however, that Plaintiffs assert in their Motion that Hurricane Ivan made landfall as a category 3 hurricane with sustained winds of 105 knots, a wind speed much higher than that indicated by *Chapmans'*. (Dkt. 13 at p. 2, Ex. C).

Further, Claimants have submitted evidence that Murray observed the *SHANTI III* collide with his dock and boathouse and wash ashore onto his property. (Dkt. 17 at Ex. A, ¶ 9). Murray claims that the vessel had been anchored with only a single line. (Id. at ¶ 10). Murray also claims that the line was "frayed and parted where only a few turns of duct tape were wrapped around the line" to provide chaffe protection. (Id.) Plaintiffs, on the other hand, assert that "chaffing gear was employed over the length of the rode which was in contact with, or could possibly have contacted, the *SHANTI III*." (Dkt. 13 at Ex. A, ¶ 9).

Accordingly, there are genuine issues of material fact regarding the actual measures taken by Plaintiffs to secure the vessel and whether those measures were reasonable in light of the strength of the approaching Hurricane. *See Suzuki of Orange Park, Inc. v. Shubert*, 86 F.3d 1060, 1066 (11th Cir. 1996)(reversing summary judgment granted in favor of claimants in a limitation of liability proceeding where the "possibility of vicarious liability" existed). In light of the above, summary

judgment is not appropriate and Plaintiffs' Motion for Summary Judgment (Dkt. 13) is **DENIED**.

In summary, it is

**ORDERED AND ADJUDGED**

(1) Claimants' Motion to Strike Plaintiffs' Expert Affidavit (Dkt. 18) is **GRANTED IN PART AS STIPULATED**;

(2) Plaintiffs' Motion to Strike Claimants' Evidence in Response to Plaintiffs' Motion for Summary Judgment (Dkt. 20) is **GRANTED IN PART AND DENIED IN PART**;

(3) Plaintiffs' Motion for Summary Judgment (Dkt. 13) is **DENIED**.

**DONE AND ORDERED** in chambers this 27th day of September, 2006.

**JAMES D. WHITTEMORE**
United States District Judge

Copies to:
Counsel of Record

9